**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**CARLOS SHAARBAY,**
      **Plaintiff,**

vs.                                               **Case No. 3:07cv374/LAC/MD**

**STEPHEN SMITH, et al.,**
      **Defendants.**

## ORDER

      This cause filed pursuant to 42 U.S.C. § 1983 is before the court upon transfer from the United States District Court for the Southern District of Florida. (Doc. 10). From a review of the complaint, it is evident that plaintiff has failed to properly complete the appropriate court form. The court will therefore allow the plaintiff an opportunity to correct this deficiency and to clarify his allegations in an amended complaint.

      The Local Rules of this court provide that "[n]o . . . civil action commenced by *pro se* litigants under 42 U.S.C. § 1983 . . . shall be considered by the court unless the appropriate forms have been properly completed and filed by the litigant." N.D. Fla. Loc. R. 5.1(J)(2). The use of a form for cases under section 1983 was implemented as a matter of administrative convenience. Courts that have a large volume of civil rights actions, as does this court, save valuable time if they are not required to decipher lengthy and often unintelligible complaints. In the instant case, plaintiff has used an outdated form from the Southern District of Florida which fails to provide relevant information required by the revised Northern District form. Additionally, in the "Statement of Claim" section of the complaint form where plaintiff is directed to state the facts of his case and how each defendant was involved, plaintiff states: "[F]acts have been provide[d] on exhibit with dates and names." Attached to the complaint are twenty-four pages of exhibits. The court will

not sift through plaintiff's various grievances and other papers in order to glean the facts of this case. As instructed on the complaint form, plaintiff should use the "Statement of Facts" section of the complaint to state briefly the facts of this case. He must describe how each defendant was involved and what each person did or did not do which gives rise to his claim. Although it is permissible to insert additional pages into the complaint form as needed, plaintiff must retain the same format as the form and ensure that each averment of the pleading is simple, concise and direct.

In amending, plaintiff must completely fill out a new civil rights complaint form, marking it "**Amended Complaint.**" Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the "Statement of Facts," plaintiff should clearly describe how each named defendant is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a defendant from his complaint. Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida.

Plaintiff should file the amended complaint with an original signature with the Court and keep an identical copy for himself. Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint. The court will notify plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, plaintiff should not submit service copies of his complaint unless and until the court directs him to do so. Finally, plaintiff is advised that discovery is premature at this stage of the case and plaintiff should not do any discovery without leave of court.

Accordingly, it is ORDERED:

1. The clerk of court is directed to forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C. §1983. This case number should be written on the form.

2. Plaintiff shall have **thirty (30) days** in which to file an amended civil rights complaint, which shall be typed or clearly written and submitted on the court form as instructed above.

3. Failure to comply with this order as instructed will result in a recommendation of dismissal of this action for failure to comply with an order of the court.

DONE AND ORDERED this 11th day of September, 2007.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**