**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**CARLOS SHAARBAY,**
    **Plaintiff,**

**vs.**                                  **Case No. 3:07cv374/LAC/MD**

**STEPHEN SMITH, et al.,**
    **Defendants.**

---

**REPORT AND RECOMMENDATION**

    This cause is before the court upon plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 15). Leave to proceed *in forma pauperis* was granted without the assessment of an initial partial filing fee. (Doc. 5). Upon review of the amended complaint, the court concludes that plaintiff has not presented an actionable claim, and that dismissal of this case is warranted.

    Because plaintiff is proceeding *in forma pauperis,* the court may dismiss the case if satisfied that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A complaint is frivolous under § 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485

(11th Cir. 1997). To determine whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (May 21, 2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations -- on their face -- show that an affirmative defense bars recovery on the claim. *Marsh v. Butler County, Alabama*, 268 F.3d 1014, 1022 (11th Cir. 2001). Upon review of plaintiff's amended complaint, the undersigned concludes that this case should be dismissed under § 1915(e)(2)(B)(ii).

Plaintiff is currently incarcerated at Santa Rosa Correctional Institution ("Santa Rosa CI"). (Doc. 15). His amended complaint names four defendants: Stephen Smith, Classification Officer at Apalachee Correctional Institution; Cynthia Courtney, Head of Classification at Santa Rosa CI; Jennifer Haas, Assistant Warden of Santa Rosa CI, and "Department of Corrections." (*Id.*, p. 2). Plaintiff claims the defendants violated his rights under the Due Process Clause of the Fifth and Fourteenth Amendments, as well as his rights under the Sixth and Eighth Amendments, when defendant Smith "falsified documents" on December 18, 2006 which resulted in plaintiff being placed on Close Management status, and when defendants Courtney and Haas recommended that plaintiff remain on Close Management status at a review hearing held on June 12, 2007 even after finding that plaintiff had remained incident-free during the review period. (*Id.*, p. 5). As relief, plaintiff seeks "to correct the falsification of records, compensation, penalty to the defendants." (*Id.*, p. 7).

The Due Process Clause prohibits state action that deprives a United States citizen of life, liberty, or property without due process of law.  U.S. Const. amend. XIV.  A person alleging a violation of his right to due process must establish that he was deprived of an interest cognizable under the Due Process Clause, and that the procedures attendant upon that deprivation were not constitutionally sufficient.  *Kentucky v. Dep't of Corrections v. Thompson*, 490 U.S. 454. 459-60, 109 S.Ct. 1904, 104 L.Ed 2d 506 (1989); *Board of Regents v. Roth*, 408 U.S. 564, 571, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).  In *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court redefined the circumstances in which a liberty interest will arise in the prison context for purposes of the protections of the Due Process Clause.  *Id.*, 515 U.S. at 484, 115 S.Ct. 2293.  Rejecting the prior manner of searching state statutes and prison regulations for mandatory language, the Supreme Court limited State created liberty interests to restraints which impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Id.*  Thus, if the restraint does not exceed the sentence itself such as to give rise to protection by "the Due Process Clause of its own force," the restraint must be atypical in relation to the ordinary incidents of prison life.  *Id.*  The *Sandin* Court concluded that 30 days disciplinary confinement in a special holding unit did not constitute such atypical, significant hardship sufficient to create a liberty interest. *Id.*, 515 U.S. at 486, 115 S.Ct. 2293.  Therefore, because no protected liberty interest was at stake, the Court held that the fact that the prisoner was not permitted to call witnesses at his disciplinary hearing did not entitle him to relief.

In the instant case, plaintiff fails to show that the punishment assessed against him implicates a constitutionally protected liberty interest.  He complains of a change in his classification status; however, a prisoner has no constitutional right to a particular classification status.  *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); *see also Hewitt v. Helms*, 459 U.S. 460, 466, 103 S.Ct. 864, 869, 74 L.Ed.2d 675 (1983) (holding that there is no liberty interest in being confined in the general population rather than in the more restrictive atmosphere of administrative confinement); *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000)

(holding that inmates have no constitutional right to a particular classification status); *Jones v. Diamond*, 594 F.2d 997, 1015 (5th Cir. 1979) (holding that no right exists under the Due Process Clause to a system of prisoner classification);[1] *Powell v. Ellis*, 2007 WL 2669432, at *4 (N.D. Fla. Sept. 7, 2007) (holding that plaintiff had no protected interest in particular classification). Plaintiff's allegations do not suggest that the restrictions of Close Management impose "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Because plaintiff fails to articulate a protected liberty interest with respect to his classification status, his due process claims should be dismissed for failure to state a claim upon which relief may be granted. *See Rodgers v. Singletary*, 142 F.3d 1252 (11th Cir. 1998) (dismissing inmate's claim that he was denied due process when he was wrongfully confined in administrative confinement for two months; inmate failed to show that he was deprived of a constitutionally protected liberty interest as defined in *Sandin*); *see also Ledford v. Johnson*, 2000 WL 284301, at *5-6 (S.D. Ala. 2000) (dismissing inmate's due process challenge to disciplinary charge resulting in disciplinary sanctions even though undisputed facts provided basis for finding that procedural due process was not provided; inmate failed to show that he was deprived of a constitutionally protected liberty interest where the disciplinary sanctions (confinement in disciplinary segregation and chain gang for 35 days and loss of CIT status) did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest); *Powell v. Ellis, supra*, (dismissing plaintiff's claim that his due process rights were violated by his classification at Santa Rosa CI).

Plaintiff also contends his Sixth Amendment rights were violated because (1) he was not provided a "fair staff board hearing," (2) he was not informed of the nature of the conduct which gave rise to his classification change, (3) he was not provided "compulsory process for obtaining witnesses in his favor, and (4) he did not "have the assistance of staff for his defen[s]e." (Doc. 15, p. 7). Prison

---

[1] In *Bonner v. Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

classification hearings are not criminal prosecutions within the meaning of the Sixth Amendment; therefore, prisoners do not possess a Sixth Amendment right to confront and cross-examine witnesses, to appointment of counsel, etc.  See *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974) (holding that prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such a prosecution does not apply); *id.,* 418 U.S. at 570, 94 S.Ct. at 2981 (holding that inmates have no right to retained or appointed counsel at prison disciplinary proceedings); *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1078 (7th Cir. 1994) (prisoners do not possess a Sixth Amendment right to confront and cross-examine witnesses in a disciplinary proceeding); *Kucera v. Terrell*, 214 Fed. Appx. 729, 730 (10th Cir. 2006) (prisoner had no Sixth Amendment right to confront witnesses against him in prison disciplinary proceeding).  Rather, the question whether an inmate has been unconstitutionally denied certain protections at his disciplinary or classification hearing is properly considered as a Fourteenth Amendment procedural due process claim.  See *Wolff*, 418 U.S. at 566-67; *Powell v. Carroll*, 2006 WL 2715128, at *9 n.4 (S.D. Ala. 2006).  The court has already resolved that claim unfavorably to plaintiff.  Because the Sixth Amendment rights to present witnesses, to appointed counsel and the like are inapplicable in prison disciplinary proceedings much less prison classification hearings, plaintiff's Sixth Amendment claim fails as a matter of law.

Finally, plaintiff claims that his placement and retention on Close Management status was cruel and unusual and, thus, violated his Eighth Amendment right to be free from cruel and unusual punishment. The Eighth Amendment is violated only by "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  Plaintiff has alleged no facts which would support a finding that his classification subjected him to a substantial risk of serious harm or denied him "the minimal civilized measure of life's necessities."  *Id.* at 834.  Moreover, plaintiff has alleged no facts which would support a finding that prison officials knew of and disregarded the purported

excessive risk to his health or safety caused by his classification status. *Id.* at 837. Thus, plaintiff's Eighth Amendment claim likewise fails as a matter of law.

Accordingly, it is respectfully RECOMMENDED:

1. That this cause be DISMISSED WITH PREJUDICE under 28 U.S.C. §1915(e)(2)(B)(ii) for plaintiff's failure to state a claim upon which relief may be granted.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 5th day of November, 2007.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).